UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

GARY WAYNE MULLINS,

    Petitioner,

v.                              Civil Action No. 2:17-cv-4075

SPENCER HILL, Acting Warden,
Mount Olive Correctional
Complex

    Respondent.

## MEMORANDUM OPINION AND ORDER

Pending is the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, filed September 29, 2017, and Respondent's motion for summary judgment, filed March 8, 2018. This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission to the court of his Proposed Findings and Recommendation ("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). On January 2, 2019, the magistrate judge entered his PF&R recommending that the summary judgment motion be granted and that this matter be removed from the court's docket. The petitioner filed his objections to the PF&R on January 16, 2019.

Upon an objection, the court reviews a PF&R de novo. Specifically, "[t]he Federal Magistrates Act requires a district court to 'make a de novo determination of those portions of the

[magistrate judge's] report or specified proposed findings or recommendations to which objection is made.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis in original) (quoting 28 U.S.C. 636(b)(1)).

The petitioner raises three objections.

First, he objects to "the conclusion that he did not receive ineffective assistance of counsel during trial." Objections at 1. Specifically, he claims that his counsel "failed to properly investigate the case and present witnesses that might have undermined the credibility of the victim." Id.

The petitioner does not present any facts or arguments not considered by the magistrate judge. The magistrate judge correctly applied the Strickland standard, Strickland v. Washington, 466 U.S. 668 (1984), and aptly noted that "'the decision whether to call a defense witness is a strategic decision' demanding the assessment and balancing of perceived benefits against perceived risks, and one to which '[w]e must afford . . . enormous deference.'" United States v. Terry, 366 F.3d 312, 317 (4th Cir. 2004) (citing United States v. Kozinski, 16 F.3d 795, 813 (7th Cir.1994)) (alterations in original). The magistrate judge adequately discussed and applied the law to the facts of petitioner's trial. The court, accordingly, agrees with the magistrate's conclusion and overrules this objection.

Second, petitioner "objects to the conclusion that his trial counsel's failure to investigate and call certain witnesses was not prejudicial." Objections at 2. The court notes, first, that a prejudice analysis, the second prong of the Strickland test, is unnecessary where, as here, the actions of counsel did not fall below an objective standard of reasonableness and thus did not satisfy the first prong. See Strickland, 466 U.S. at 687-688. Nonetheless, the magistrate judge adequately considered the facts and applicable law and the court agrees with his conclusion. This objection is overruled.

Lastly, petitioner "objects to the magistrate judge's conclusion that trial counsel did not render ineffective assistance of counsel by failing to object to multiple prosecution statements [during opening statements] about [petitioner] 'preying' on 'the elderly.'" Objections at 4. The magistrate judge thoroughly and adequately addressed this argument and found that "the record does not support Petitioner's claim that trial counsel acted ineffectively in failing to object to the prosecution's alleged misconduct of referring to the Petitioner as preying upon the elderly." PF&R at 37. The court agrees with the magistrate judge's analysis and this objection, too, is overruled.

The court, accordingly, ORDERS as follows:

1. That the petitioner's objections to the PF&R be, and they hereby are, overruled.

2. That the magistrate judge's Proposed Findings and Recommendation be, and they hereby are, adopted and incorporated in full.

3. That the motion for summary judgment be, and it hereby is granted, and this civil action be dismissed and stricken from the docket of the court.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record, any unrepresented parties, and the United States Magistrate Judge.

Enter: March 12, 2019

_____
John T. Copenhaver, Jr.
Senior United States District Judge