```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF WEST VIRGINIA
                            AT CHARLESTON
```

**GARY WAYNE MULLINS,**

       Petitioner,

v.                                  Civil Action No. 2:17-cv-04075

**MARK WILLIAMSON, Superintendent,**
**Denmar Correctional Center and Jail,**

       Respondent.

## MEMORANDUM OPINION AND ORDER

Pending is petitioner Gary Wayne Mullins' motion for relief from a judgment or order, filed August 30, 2019.

On March 12, 2019, the court denied petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and dismissed this case from the docket. The petitioner appealed the decision and submitted an application to proceed on appeal without prepayment of fees on May 9, 2019. The United States Court of Appeals for the Fourth Circuit denied leave to proceed in forma pauperis and dismissed the appeal because petitioner failed to file a timely notice of appeal. The Fourth Circuit noted that parties are given 30 days to appeal a district court's final judgment or order under Federal Rule of Appellate Procedure 4(a)(1)(A), and petitioner did not file his notice of appeal within 30 days of this court's judgment order.

In petitioner's motion for relief from a judgment or order, petitioner asserts that undersigned counsel mistakenly informed petitioner that he had 60 days, the period applicable to a civil proceeding in which the United States is a party, instead of the applicable 30-day period. Petitioner informed counsel that he wanted to appeal, and counsel filed a notice of appeal 58 days after the district court's final judgment. Petitioner argues that due to counsel's mistake and inadvertence, the court should relieve petitioner from the final judgment or order under Federal Rule of Civil Procedure 60(b)(1) or, alternatively, 60(b)(6).

On January 3, 2020, the court ordered the respondent to file a response to petitioner's motion for relief from a judgment or order. In the response, the respondent stated that he does not oppose the relief requested by petitioner. The respondent also stated that since petitioner is currently incarcerated at Denmar Correctional Center and Jail where Mark Williamson is the Superintendent, Mark Williamson is the properly named respondent in this case. The clerk is directed to add Mark Williamson and terminate Spencer Hill from the docket sheet.

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). Rule 60(b)(6) "may be invoked only in 'exceptional circumstances' when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5)." Aikens v. Ingram, 652 F.3d 496, 500 (4th Cir. 2011) (citation omitted). A 60(b) motion "must be made within a reasonable time" and "no more than a year after the entry of the judgment or order." Fed. R. Civ. P. 60(c).

Courts have held that "federal court authority to relieve parties from judgment, now vested in Rule 60(b), includes the authority to vacate and reenter the judgment in extraordinary circumstances to restore the thirty-day opportunity to appeal." Washington v. Ryan, 833 F.3d 1087, 1097 (9th Cir. 2016) (citing Hill v. Hawes, 320 U.S. 520, 523-24 (1944)); see also Tanner v. Yukins, 776 F.3d 434 (6th Cir. 2015); Ramirez v. United States, 799 F.3d 845 (7th Cir. 2015); but see earlier authority: Perez v. Stephens, 745 F.3d 174, 177 (5th Cir. 2014) (holding that the district court does not "have the power to allow an otherwise untimely appeal by using Civil Rule 60(b)[] to reenter a judgment solely in order to permit

such an appeal to become timely"); Jackson v. Crosby, 437 F.3d 1290 (11th Cir. 2006) (same).

Inasmuch as petitioner timely filed his 60(b) motion that requested relief due to a mistake and inadvertence and respondent does not oppose the motion, it is ORDERED that pursuant to Rule 60(b)(1), Gary Wayne Mullins' motion for relief from a judgment or order be, and it hereby is, granted. The judgment entered March 12, 2019, that denied Mullins' Petition for a Writ of Habeas Corpus is set aside and vacated and will be reentered, thereby starting anew the 30-day period under Rule 4(a)(1)(A) in which to file a notice of appeal.

The Clerk is directed to transmit copies of this order to all counsel of record and to any unrepresented parties.

Enter: January 14, 2020

_____
John T. Copenhaver, Jr.
Senior United States District Judge